IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

FEB - 7 2012

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.  ) | 1:11cv1258 (LMB) |
| ) | 1:07cr305 (LMB) |
| MICHAEL RALPH SAQUELLA, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM OPINION

Michael Saquella, who is represented by counsel, has filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ["Motion to Vacate," Dkt. No. 48], in which he argues that the Government has violated the Due Process Clause and breached its obligations under his plea agreement by failing to file a Rule 35(b) motion to reduce his sentence. Saquella asks the Court to "order the Government to make a good faith assessment of his assistance" and file a Rule 35(b) motion.

### I.   BACKGROUND

On August 20, 2007, Saquella waived indictment and pled guilty to two counts of a criminal information for (1) conspiracy to commit securities fraud in violation of 18 U.S.C. § 371, 15 U.S.C. §§ 78j(b) and 78ff, and 17 C.F.R. § 240-10b(5) and (2) conspiracy to commit electronic mail fraud in violation of 18 U.S.C. § 371 and 18 U.S.C. §§ 1037(a)(3) and (b)(1)(A).

The charges related to a stock manipulation ("pump-and-dump") scheme in which Saquella and his co-conspirators fraudulently inflated the price of securities and subsequently sold their shares to the public at an artificially inflated price. As part of his Plea Agreement, Saquella agreed to "cooperate fully and truthfully with the United States" and to provide all of his financial information to the Government and the United States Probation Office. Plea Agreement ¶¶ 9, 12 [Dkt. No. 9]. On March 14, 2008, Saquella was sentenced to the statutory maximum term of 60 months incarceration on each count to run consecutive, 3 years of supervised release, a $200 special assessment, and $7,806,303.58 in restitution. See Dkt. No. 35 (Judgment Order).

Saquella did not file a direct appeal, but on February 1, 2011, he filed a Motion to Amend Judgment alleging the ineffectiveness of his trial counsel. The Court found no merit in Saquella's arguments and subsequently denied the Motion to Amend Judgment.[1] Saquella filed the pending Motion to Vacate on November 16, 2011. As the sole basis for his Motion, he contends that the "Government's decisions to (1) refuse to consider his assistance and (2) refuse to file a Rule 35 motion

---

[1] Because the Court did not construe Saquella's first motion as brought under § 2255, the Government is not arguing that the current motion is a successive § 2255 motion, which would require authorization from the Fourth Circuit Court of Appeals before Saquella could proceed. Gov't's Resp. at 7 n.2.

2

are made in bad faith, in breach of the plea agreement, and in violation of Mr. Saquella's right to Due Process." Mem. in Supp. of Pet'r's Mot. to Vacate Sentence & Compel the Gov't to Comply with the Terms of the Plea Agreement Pursuant to 28 U.S.C. § 2255 ("Mem.") at 5.

## II. STANDARD OF REVIEW

A motion under 28 U.S.C. § 2255 provides for collateral attack on a conviction or sentence that was imposed in violation of the United States Constitution or laws, where the court lacked jurisdiction to impose the sentence, where the sentence was in excess of the maximum authorized, or where the sentence or conviction is otherwise subject to collateral attack. To prevail on a § 2255 motion, a movant bears the burden of proving his grounds for collateral relief by a preponderance of the evidence. Vanater v. Boles, 377 F.2d 898, 900 (4th Cir. 1967). Relief under 28 U.S.C. § 2255 is designed to correct for fundamental constitutional, jurisdictional, or other errors, and it is therefore reserved for situations in which failing to grant relief would otherwise "inherently result [] in a complete miscarriage of justice." United States v. Addonizio, 422 U.S. 178, 185 (1979).

## III. DISCUSSION

Saquella filed his Motion to Vacate over three years after being sentenced in March of 2008, well beyond the one-year

3

statute of limitations for such motions. Under § 2255, a prisoner must file his or her motion to vacate within one year of "the latest of—

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

28 U.S.C. § 2255(f). Because Saquella did not file a direct appeal, his conviction became final on March 14, 2008 when the judgment was entered. See United States v. Sanders, 247 F.3d 139, 142-44 (4th Cir. 2001).

Recognizing that the Motion to Vacate is untimely under § 2255(f)(1), Saquella instead argues that the statute of limitations period began to run on November 16, 2010, when he "first became aware of the fact that the Government would renege on its promise to file a motion [sic] downward departure under Rule 35." Mem. at 6. According to Saquella, before being sentenced, he "was debriefed on several occasions by agents from

4

the Federal Bureau of Investigation and Office of Inspector General," and was again debriefed before reporting to prison. Mem. at 3-4. He maintains that he "continued to cooperate with the authorities in different jurisdictions, offering and rendering assistance in criminal matters for a period of nearly three years believing that his assistance would soon be credited through the filing of a Rule 35 motion." Mem. at 4. Saquella apparently continued to hope for a Rule 35 motion until November 2010, when his brother learned from former defense counsel Brian Russo that the Government would not file a Rule 35 motion because it believed Saquella had engaged in illegal business activities before being sentenced. Alan Saquella Aff. ¶ 5. Saquella maintains that he "had no basis to raise a claim that the Government breached the cooperation agreement" before having this conversation. Motion to Vacate at 13.

Saquella's argument is unavailing. According to an affidavit filed by the case agent, Special Agent Kendra McLamb of the FBI, Saquella was last debriefed by the Government on May 22, 2007, before his March 2008 sentencing date. McLamb Decl. ¶¶ 2-5. Special Agent McLamb has represented that to her knowledge, Saquella has not been debriefed by other field offices of the FBI or by the United States Postal Inspection Service since that time. Id. ¶¶ 3-5. Moreover, the Government made clear even before the sentencing hearing that it viewed

5

Saquella's cooperation as "minimal and [] incomplete" and did "not warrant a reduced sentence." Gov't's Opp'n to Def.'s Sent. Position at 1 [Dkt. No. 33]. The Government further explained that Saquella had not fully cooperated, as he had failed to comply with the Government's requests for financial disclosures. Id. at 11. Saquella now acknowledges that he "failed to provide the Government with requested financial information and failed to inform the Government of a property he owned through a company he controlled." Mem. at 2.

In light of the evidence that Saquella's assistance was limited to the period before he was sentenced, the Government's representation at the time of sentencing that Saquella's assistance was "minimal" and "incomplete," Saquella's admission that he violated the financial disclosure obligation portion of the Plea Agreement, and more than three years having elapsed before Saquella filed the instant motion, the Court finds that his Motion to Vacate is untimely.

Even if timely filed, Saquella's Motion to Vacate would have to be dismissed because it is meritless on its face. Under the express terms of the written Plea Agreement, which Saquella signed and acknowledged represented the full understanding of the parties, the Government was under no obligation to file a Rule 35(b) motion. The Plea Agreement provides that

> The parties agree that the United States reserves the right to seek any departure from the applicable sentencing guidelines, pursuant to Section 5K1.1 of the Sentencing Guidelines and Policy Statements, or any reduction of sentence pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure, <u>if, in its sole discretion, the United States determines that such a departure or reduction of sentence is appropriate.</u>

Plea Agreement ¶ 16 (emphasis added). During the Rule 11 plea colloquy, the Court carefully reviewed Paragraph 16 of the Plea Agreement with Saquella, emphasizing that "[e]ven if you've talked with the agents, even if you've testified in a grand jury, if for whatever reason the prosecution decides that it hasn't been sufficient help or you haven't been completely truthful or for whatever other reason determines that they will not file one of these motions [a 5K1.1 or Rule 35(b) motion], that is not a violation of the plea agreement." Plea Tr. at 22:22-23:4. Saquella affirmatively stated that he understood. <u>Id.</u> at 23:6-7. The Court went on to reiterate that the Government had "not promised in any respect that you will get either of these motions filed on your behalf," to which Saquella again said he understood. <u>Id.</u> at 23:8-14. Saquella acknowledges that whether to file a Rule 35(b) motion is within the Government's discretion,[2] but argues that the Government

---

[2] Saquella suggests that the Government did in fact promise to file a Rule 35(b) motion. <u>See, e.g.</u>, Motion to Vacate at 13 ("Movant has been led to believe the Government intended to file a Rule 35 motion for sentencing reduction...."); Mem. at 4 ("Mr.

7

refused in bad faith to "consider any of Saquella's cooperation and assistance." Reply at 5. See United States v. Snow, 234 F.3d 187, 190 (4th Cir. 2000).

The Government's decision not to file a Rule 35(b) motion is reviewable only "if the refusal is based on an unconstitutional motive, such as racial animus, lack of a rational relationship to a legitimate governmental objective, or the government acted in bad faith." United States v. Wolfe, 102 F. App'x 286, 287 (4th Cir. 2004); see also Wade v. United States, 504 U.S. 181, 185-86 (1992). "To trigger a district court's review of a prosecutor's decision, a defendant must do more than claim he provided assistance or allege that the United States acted in bad faith: he must make a substantial threshold showing of one of the qualifying circumstances." United States v. Ward, 2006 U.S. Dist. LEXIS 76015, at *5 (E.D. Va. 2006) (citing Wade, 504 U.S. at 186) (internal quotation marks omitted). Here, Saquella makes no allegation that the Government's refusal to file a Rule 35(b) motion was based on improper motives such as race or religion, but instead makes

---

Saquella recalls Patrick Stokes, the AUSA, explain [sic] that the Government did not use him as a witness at trial, but that Mr. Saquella would receive credit for his assistance anyway."). Any contention that the Government was obligated to file a Rule 35(b) motion is directly contradicted by the terms of the Plea Agreement and Saquella's acknowledgements during the Rule 11 colloquy.

conclusory claims that the Government decided in bad faith not to consider his cooperation.

Contrary to Saquella's contentions, the Government argues that it did not file a Rule 35(b) motion (1) because Saquella did not provide substantial assistance and (2) because, after Saquella was sentenced, the Government learned that he engaged in illegal activity between his plea and sentencing hearings. Specifically, the Government maintains that Saquella "failed to provide credible information about his and others' roles in conducting pump-and-dump transactions," that he repeatedly "attempted to minimize his role in the illegal transactions," and that the Government was concerned about Saquella's credibility, due in part to his failure to be forthcoming in providing all of his financial records, a fact he does not dispute. Gov't's Resp. at 10. Moreover, after Saquella was sentenced, the Government obtained "credible evidence" that he may have been involved in an additional fraudulent scheme in Arizona during the time period between his plea in August 2007 and his sentencing in March 2008. See Gov't's Resp. at 10-11; McLamb Decl. ¶ 6. As a result, prosecutors decided that they would not pursue a Rule 35(b) motion and communicated this decision to defense counsel. Gov't's Resp. at 11.

9

## IV. CONCLUSION

For all of these reasons, Saquella's Motion to Vacate will be dismissed as time-barred. Even if it were timely, the Motion to Vacate would be dismissed because Saquella has failed to make a "substantial threshold showing" of bad faith, and because the Government has provided ample legitimate reasons for declining to file a Rule 35(b) motion.

Entered this 7th day of February, 2012.

Alexandria, Virginia

/s/ _____
Leonie M. Brinkema
United States District Judge